T.C. Summary Opinion 2006-182

UNITED STATES TAX COURT

HENRY BRODERICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1814-05S.          Filed November 9, 2006.

Henry Broderick, pro se.

<u>Brian E. Derdowski, Jr.</u>, for respondent.

NIMS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Respondent determined a deficiency of

$12,392 in petitioner's Federal income tax for 2002, and a $2,478.40 penalty under section 6662(a).  Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for 2002, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Henry R. Broderick, and his spouse, Denise F. Broderick, filed a joint Federal income tax return for 2002, and respondent's notice of deficiency is addressed to both of them.  However, only Henry (petitioner) filed a petition in response thereto.  Petitioner resided in New Jersey when he filed his petition.

There is a confused state of the record in this case; some of the facts have been stipulated and are so found.

Petitioner is the sole shareholder of Woodside Consulting, Inc. (Woodside), a corporation which petitioner considers to be taxable as a small business corporation consistent with subchapter S of the Internal Revenue Code.  For the taxable year 2002, Woodside filed an untimely tax return on Form 1120S, U.S. Income Tax Return for an S Corporation.  The return reflects that for 2002, Woodside had gross receipts of $2,956 and an ordinary loss of $29,000.  Petitioner's items from Woodside are essentially uncoordinated with his Form 1040, U.S. Individual Income Tax Return, items; so we have dealt with both returns as a single unit.  Respondent concedes that petitioner erroneously indicated on Schedule E, Supplemental Income and Loss, of his

2002 Form 1040 that he received $29,000 of income from Woodside and instead agrees that petitioner received income in the amount of $2,956, as shown on the Woodside Form 1120S and duplicated on Schedule C, Profit or Loss From Business, of petitioner's Form 1040.

Primarily on Schedule C of his Form 1040, but in other parts of the return as well, petitioner also reported $2,956 of gross income from Woodside but claimed a loss of $30,012, rather than the $29,000 loss claimed on the Woodside Form 1120S.

Respondent made adjustments to petitioner's income in the total amount of $74,964. The adjustments included the $29,000 increase in petitioner's income which, as stated above, respondent has conceded.

Petitioner failed to substantiate any of the alleged business deductions, or $17,805 in Schedule A itemized deductions, claimed on his Form 1040; so we sustain respondent's disallowance of these items.

Respondent determined an accuracy-related penalty pursuant to section 6662(a), based upon one or more of the following elements of the penalty: (1) Negligence or disregard of rules and regulations, or (2) substantial understatement of income tax. Under section 7491(c), respondent has the burden of production with respect to any penalty. Respondent has carried this burden of production.

Under section 6662, a penalty may be applied in the amount of 20 percent of an underpayment that is attributable to negligence or disregard of rules or regulations, or any substantial understatement of income tax.  Sec. 6662(a) and (b). Generally speaking, a substantial understatement of income tax exists where the amount of tax required to be shown on the return for the taxable year, less the amount of tax shown on the return (the understatement), exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Section 6662(d)(1).  An exception exists where a taxpayer shows that there was reasonable cause for the understatement and that the taxpayer acted in good faith with respect to the understatement.

In this case, petitioner's Form 1040 states total tax due on line 61 to be zero.  The Form 1040 also claimed an overpayment in the amount of $6,045.  (A substantial amount of tax actually paid is an amount withheld on $54,936 attributable to Denise from DEFENSE FINANCE & ACTG SERV, as shown on a Form W-2, Wage and Tax Statement, attached to the Form 1040.)  Thus, any deficiency in this case greater than $5,000 is a substantial understatement that merits a penalty under section 6662(a).  Petitioner has not introduced evidence to support a finding of reasonable cause. Petitioner blames defects in his income tax return on software that he claims to have used in preparing the Form 1040 return. Such a program is only an aid for preparation of a return and

depends on careful entry of accurate information, which petitioner manifestly failed to do. Petitioner admits that he has the education to prepare and review his income tax return, and that he had an opportunity to review his return prior to filing it. Accordingly, petitioner's use of software in preparing his return does not constitute reasonable cause for the errors in his return or for the deficiency in this case. The amount of the substantial understatement penalty determined by respondent will be modified to reflect the adjustments in petitioner's taxable income contained herein.

The deficiency in this case is also attributable to negligence as defined in section 6662(c). The regulations clarify that "The term 'negligence' includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. 'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly." Sec. 1.6662-3(b), Income Tax Regs. Thus, petitioner's claims of deductible expenses, which petitioner has not substantiated with any credible documentation, support the imposition of the penalty under section 6662(a) on the basis of negligence, even if the computation which will be

required under Rule 155 reflects a deficiency of less than 10 percent of the tax required to be shown on the return or $5,000, and we so hold.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.